**E-FILED**
Friday, 21 July, 2006  09:29:01 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Rydene Amundsen and, <br> Winifred Amundsen, <br><br>    Plaintiffs, <br><br>         v. <br><br> Mid Central Operating, <br> Engineers Health & Welfare <br> Fund, <br><br>    Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   No.  05-1397 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendant's motion to strike and dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) and 12(f).  For the reasons below, the Court recommends that the motion be denied, except to the extent it asks to strike Plaintiffs' claim for compensatory damages.

### STANDARD

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably

drawn therefrom--in the light most favorable to the plaintiff.  <u>Patel v. City of Chicago</u>, 383 F.3d 569, 572 (7th Cir. 2004). "'A complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents. . . . [A] court should ask whether relief is possible under any set of facts that could be established consistent with the allegations...'"  <u>McDonald v. Household Int'l, Inc.</u>, 425 F.3d 424, 428 (7th Cir. 2005)(quoted cite omitted).

## ALLEGATIONS

Plaintiff Winifred Amundsen is covered under an ERISA plan maintained by Defendant.  Mrs. Amundsen is seventy-five years old and suffers from idiopathic pulmonary fibrosis, a condition whereby healthy lung tissue becomes progressively scarred.  "Eventually, the afflicted individual is suffocated from a lack of oxygen."  (Complaint, d/e 1, ¶ 2).  There is no cure and "essentially no treatments effective in slowing the scarification process which are designed specifically for idiopathic pulmonary fibrosis."  <u>Id.</u> at ¶¶ 12-13.

However, physicians are commonly prescribing the drug "Actimmune" to treat Mrs. Amundsen's condition, which has been approved for the treatment of "chronic granulomatous disease."  <u>Id.</u> at ¶ 14.  Mrs. Amundsen's doctor prescribed her Actimmune in August 2003.  Her

symptoms were severe at that time.  On Actimmune, however, pulmonary function tests showed continual improvement, and, by April, 2005, Mrs. Amundsen showed only moderate pulmonary restriction.  The Actimmune also ameliorated other symptoms suffered by Mrs. Amundsen.

For nearly two years, Defendant covered Mrs. Amundsen's Actimmune therapy.  On July 21, 2005, however, Defendant withdrew coverage, claiming that the payments had been in error.  Defendant claimed that Actimmune was not covered because it was "experimental" under the plan, in that it was not approved for the treatment of idiopathic pulmonary fibrosis.

As a result, Mrs. Amundsen was forced to stop taking the Actimmune.  Her condition worsened and her health declined significantly without Actimmune, including a documented decline in pulmonary function. She and her husband have since purchased Actimmune with their own funds, but they cannot afford the full amount that is medically prescribed and necessary.

After appealing Defendant's denial of coverage, Mrs. Amundsen and her husband filed this suit, seeking reinstatement of Actimmune coverage, along with compensatory damages, and attorneys fees and costs.

## ANALYSIS

### A.  Compensatory Damages

Plaintiffs seek "[m]onetary compensation for the damages incurred by Plaintiffs in treating Winifred's idiopathic pulmonary fibrosis since cessation of the Actimmune therapy and in diagnosing the results of such cessation." (Complaint, d/e 1, p. 6, Section B).

Plaintiff's concede in their response that "they cannot recover compensatory damages pursuant to Section 501(a)(1)(B) of ERISA," and that Section B of their prayer for relief is "limited to unreimbursed expenses for Actimmune."  (d/e 17, p.8).  Accordingly, the Court recommends that Defendant's motion to strike be granted to that extent.

### B. Failure to Allege

Defendant argues that the Complaint should be dismissed because Plaintiffs have failed to allege that Actimmune is covered under the plan.

"'Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain..." should stop and

think: What rule of law requires a complaint to contain that allegation?"
Kolupa v. Roselle Park District, 438 F.3d 713, 714-15 (7th Cir. 2006)
(quoted cite omitted).  "Any decision declaring 'this complaint is deficient
because it does not allege X' is a candidate for summary reversal, unless X
is on the list in Fed.R.Civ.P. 9(b)."  Id.

Plaintiffs' primary factual allegation is that Defendant wrongly denied
coverage of Mrs. Amundsen's prescribed Actimmune.  That allegation
sufficiently states a claim under ERISA.  *See* McDonald v. Household
Intern., Inc., 425 F.3d 424 (7th Cir. 2005)(reversing dismissal of complaint
asserting state law claims where alleged failure to provide promised
benefits stated possible ERISA claim).  In any event, Plaintiffs maintain in
their response that Actimmune *is* covered under the plan, which effectively
moots Defendant's objections about what allegations are lacking.  (d/e 17,
pp. 13-16).[1]

---

[1]Allegations in later pleadings may be considered if they are consistent with the
complaint.  *See* Hrubec v. Natl. R.R. Passenger Corp., 981 F.2d 962, 963-64 (7th Cir.
1992).  Plaintiffs contend in their response that Actimmune is not experimental under
the plan's own terms because the definition of "experimental" does not mention off-label
applications of FDA-approved drugs.  (d/e 17, pp. 13-16).

## C.  Equitable Estoppel

The Complaint alleges that Defendant is estopped from withdrawing coverage because Mrs. Amundsen relied on Defendant's written representations, for nearly two years, that Actimmune was covered under the plan.  These representations were "consistently written and memorialized, in such payments and related documents."  (Complaint, d/e 1, ¶ 34).

Defendant argues that Plaintiffs cannot recover under a claim of equitable estoppel, again because of lacking allegations.  Defendant asserts that Plaintiffs do not allege any ambiguity in the plan, do not allege that Actimmune is covered under the plan, and do not describe the alleged written misrepresentations.  As discussed above, however, Plaintiffs do not need to do so under notice pleading standards.

Defendant also asserts, correctly, that oral misrepresentations cannot modify a plan's clear terms (but might be grounds for estoppel if the plan is ambiguous).  Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 588 (7th Cir. 2000). [2]  Plaintiffs claim, however, is based on alleged written representations, not oral representations.

---

[2]Plaintiff's agree that the estoppel claim cannot be pursued under Illinois law. (d/e 17, p. 8).

To the extent Plaintiffs can maintain an ERISA estoppel claim,[3] they must show: "1) a knowing misrepresentation by the defendant; 2) in writing; 3) with reasonable reliance by the plaintiff on the misrepresentation; 4) to the plaintiff's detriment." Kamler v. H/N Telecommunication Serv., Inc., 305 F.3d 672, 679 (7th Cir. 2002), *citing* Coker v. Trans World Airlines, 165 F.2d 579, 585 (7th Cir. 1999)(discussing "arcane" varieties of ERISA estoppel).

There are significant, perhaps ultimately insurmountable, barriers to fitting Plaintiffs' claim into these estoppel elements. First, it is questionable how Defendant's initial coverage for Actimmune constituted a "knowing misrepresentation." If the payments were mistaken, Defendant was entitled to "turn off the spigot when it learned of the mistake. . ." Coker, 165 F.3d at 587.[4] Also far from clear is what detriment Mrs. Amundsen

---

[3]The Seventh Circuit has held that "estoppel principles are applicable to claims for benefits under unfunded, single-employer welfare benefit plans under ERISA," Black v. TIC Inv. Corp, 900 F.2d 112 115 (7th Cir. 1990), but has thus far apparently been able to avoid directly answering whether and under what circumstances the same might apply to multi-employer plans. *See* Helfrich v. Carle Clinic Ass'n, 328 F.3d 915, 918 (7th Cir. 2003); Central States, Southeast, Southwest Areas Pension Fund v. Kroger Co., 226 F.3d 903, 914-915 (7th Cir. 2000).

[4]"To the extent that the common law will sometimes hold parties to the terms of a misleading representation for no reason other than the circumstance that such a misleading representation was made, such is not the common law of ERISA in this Circuit.'" Coker, 165 F.3d at 586, *quoting* Thomason, 9 F.3d at 649.

suffered by relying on Defendant's initial coverage of Actimmune.[5]  *See*

Silva v. Fortis Benefits Ins. Co., — F.Supp.2d —, 2006 WL 1928692 *11

(N.D. Ill.)("Where estoppel has been applied in an ERISA context, the facts

demonstrated that the claimant was misled by written representations of

the insurer or plan administrator into failing to take an action that would

have enabled the claimant to receive benefits under the plan.").

Despite these difficulties, the Court believes it would be premature to

rule out all possibility of an estoppel claim.  Plaintiffs allege Defendant

made written representations of coverage and acted in accordance with

those written representations for nearly two years.  Plaintiffs further allege

reasonable reliance on that representation to their detriment.  The court

cannot conclude with confidence that "no set of facts could be proved

consistent with the allegations" that would allow recovery under an

estoppel theory.  More facts are needed to flesh out these allegations.

Legal briefing is also needed on whether the plan's applicable language is

ambiguous--that determination may also affect the viability of an estoppel

---

[5]Plaintiffs argue that the Plaintiff's worsening condition is the detriment suffered–"It is respectfully submitted that Defendant is estopped from pulling the rug out from under a terminally ill, 75-year-old woman whose health, and very life, are threatened by Defendant's action."  (d/e 17, p.3).  The Court sympathizes, but is not permitted to allow sympathy to sway the legal analysis.  *See* Fuja v. Benefit Trust Life Ins. Co., 18 F.3d 1405, 1407 n. 2.

claim.  *See* <u>Bowerman</u>, 226 F.3d at 588 (ERISA estoppel applied where plan ambiguous).

Further, Plaintiffs do not need to pin down the legal theory to support recovery yet.  That the Complaint uses the label "equitable estoppel" does not stop Plaintiffs from pursuing other legal theories to support their claim that Defendant wrongly denied benefits.  For example, Plaintiffs assert in their response that Actimmune is covered under the plan because it does not fit within the plan's definition of "experimental."  In the same vein, if the plan is ambiguous on this score, Defendant's resolution of that ambiguity in Mrs. Amundsen's favor for nearly two years might weigh in the analysis. <u>Hess v. Reg-Ellen Machine Tool Corp.</u>, 423 F.3d 653, 663 (7th Cir. 2005) (dicta that "evidence of inconsistent interpretations [is] a factor to be considered in determining whether a plan administrator's decision is arbitrary and capricious.").  In short, the allegations set forth to support an estoppel argument may also support relief under a different legal argument.

The Court therefore recommends that the motion to dismiss be denied.  However, the Court also recommends that Plaintiffs file an amended Complaint to incorporate their additional allegations in their response, and to reflect their concession regarding their prayer for relief.

An amended complaint will help clarify the record for future proceedings.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Strike and Dismiss be granted in part and denied in part (d/e 15).  The Court recommends the motion be granted to the extent it seeks to strike Plaintiffs' claim for compensatory damages pursuant to § 502(a)(1)(B) of ERISA.  The Court recommends that the motion be denied in all other respects, but that Plaintiffs file an amended Complaint that incorporates the additional allegations in their response and deletes their claim for compensatory damages.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    July 21, 2006

s/ Byron G. Cudmore

_____

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE